UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CATHERINE M. USENZA,

    Plaintiff,

v.                                              Case No.:   2:21-cv-845-SPC-KCD

COMMISSIONER OF SOCIAL
SECURITY and UNITED STATES
ATTORNEY'S OFFICE,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

Before the Court is Plaintiff Catherine Usenza's Petition for EAJA Fees (Doc. 22), requesting compensation for work performed by her attorneys, Carol Avard and Craig Polhemus. The Commissioner objects in part to the relief sought. (Doc. 24.) For the reasons below, the petition should be granted in part.

This case was reversed and remanded for further administrative proceedings on request of the Commissioner. (*See* Doc. 20.) As the prevailing party under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412(d),[1] Usenza moves for an award of $7,992 in attorney's fees, $402 in costs, $22.59 in expenses, and $24 in paralegal fees. (Doc. 22 at 1.) The Commissioner objects

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

to the requested compensation for hours billed for clerical tasks, redundant tasks, time attributable to attorney inexperience, and time in which Usenza unreasonably protracted the case's final resolution. (Doc. 24.)

For Usenza to receive a fee award under the EAJA, these five conditions must be met: (1) she must file a timely application for attorney's fees; (2) her net worth must have been less than $2 million dollars when the complaint was filed; (3) she must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Having reviewed the pleadings, and with no opposition that these conditions are present, the Court finds that Usenza is entitled to a fee award.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption it is reasonable. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court finds an increase in the cost of living or a special factor justifies a higher fee.

2

28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first identifies the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court decides whether to adjust it. *Meyer v. Sullivan,* 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985).

Usenza requests an hourly rate of $222.50 for 2021 and $230 for 2022. (Doc. 22-1 at 18). This rate appears reasonable and there is no objection from the Commissioner.

The Commissioner does, however, oppose the hours expended by Usenza's counsel. And upon review of the services provided, the Court agrees that some of the 34.8 hours of attorney time requested is unreasonable.

**A. Attorney Fees**

### A. *Clerical Tasks & Paralegal Time*

Clerical tasks are not compensable under EAJA. *Mobley v. Apfel,* 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). This includes, for example, attorney time spent filing papers, calendaring deadlines, and any other task "which could have been done by support staff." *Zabala v. Comm'r of Soc. Sec.*, No. 6:17-cv-628-Orl-TBS, 2018 WL 6589837, *3 (M.D. Fla. Dec. 14, 2018); *Schoenfeld v. Berryhill,* No. 8:17-cv-407-T-AAS, 2018 WL 5634000, *1 (M.D. Fla. Oct. 31,

3

2018); *Langer on Behalf of Langer v. Comm'r of Soc. Sec.*, No. 8:19-cv-1273-T-24PDB, 2020 WL 7210026, *3-4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020). Pertinent here, electronically filing a document is a clerical task subsumed in an attorney's fee. *Langer,* 2020 WL 7210026, *4; *see also McCord v. Comm'r of Soc. Sec.*, No. 2:19-cv-318-JLB-NPM, 2021 WL 5494389 (M.D. Fla. Nov. 23, 2021) (adopting R&R that rejected the same paralegal fee requested by the same firm).

Usenza seeks compensation for these clerical tasks that should not be awarded.

| Date | Task | Time/Attorney |
|---|---|---|
| 1/20/22 | Attorney rev. of Notice by Commissioner | .1 |
| 1/20/22 | Attorney rev. of Scheduling Order | .1 |
| 3/21/22 | Paralegal filing of Memorandum in Opposition to the Commissioner's Decision by cm/ecf | .2 |
| 6/1/22 | Paralegal filing of Reply to Defs Motion to Remand by cm/ecf | .2 |

### B. *Duplicate Time*

The Commissioner also objects to Usenza's request for duplicate time spent on the same task by two attorneys. Avard entered one hour of time on 3/11/22 for "Rev. transcript, taking notes." (Doc. 22-1 at 17.) Polhemus also entered 5.31 hours for the same task ("Attorney rev. of Transcript and taking notes") on 3/7/22 (Doc. 22-1 at 18.) EAJA fees are unavailable for duplicate

4

work. *See Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More, LLC*, No. 6:20-cv-1357-GAP-EJK, 2022 WL 687125, *3 (M.D. Fla. Feb. 18, 2022) ("In determining the reasonableness of the hours expended, courts exclude 'excessive, redundant, or otherwise unnecessary' hours an attorney could not appropriately bill the client or opposing counsel in the exercise of good billing judgment." (quoting *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988))). Therefore, one hour of Avard's time devoted to the duplicate tasks should be deducted.

### C. *Attorney Inexperience*

The Commissioner also objects to Usenza's request for 1.2 hours that Polhemus spent rewriting the facts section of the merits brief, arguing that extra time due to inexperience should not be compensated. (Doc. 22-1 at 18.) This argument is not well taken. There is no expectation that an attorney (experienced or not) will draft something and not have to edit it. This time should not be deducted.

### D. *Protracting Resolution*

The Commissioner objects to Usenza's request for 1.5 hours for opposing the motion to remand, arguing that by doing so, Usenza unreasonably protracted the case's final resolution.

Some additional facts are needed here for context. When conferring about remand, Usenza wanted the Commissioner to include language in the

5

motion that an opportunity for a hearing on remand would be provided. The Commissioner agreed to slightly different language, but Usenza would not capitulate. Usemza then filed an eight-sentence response to the motion to remand that included one case citation. For this work, she requests 1.5 hours.

That amount of time is facially unreasonable. Extrapolating out, Usenza is claiming each sentence took 11.5 minutes to prepare. The Court recommends that a reasonable amount of attorney time to write such a short response would be .5 hours.

### E. *Calculation of Award*

Based on a close examination of the time records, a reasonable amount of attorney time for what took place here is 32.6 hours. This consists of a .2-hour reduction of Polhemus' time for clerical work; a 1-hour reduction of Polhemus' time for opposing the motion to remand; a .4-hour reduction of paralegal time for clerical work; and a 1-hour reduction of Avard's time for duplicate work. In sum:

> **Schedule of Hours by Carol Avard**:
>
> 2022 hours: 5.6 hours, $230/hour = $1,288 (1-hour deduction)
>
> **Schedule of Hours by Craig Polhemus**:
>
> 2021 hours: 1.6 hours, $222.50/hour = $356 (no deduction)
>
> 2022 hours: 24.4 hours, $230/hour = $5,612 (1.2-hour deduction)
>
> Time on Fee Petition: 1 hour, $230/hour = $230 (no deduction)

**Total Attorney's Fees: $7,486**

Thus, based on the reasonable amount of attorney time and reasonable hourly rates, the Court should award $7,486 in fees.

### B. Costs

Usenza seeks $402 in costs and $22.59 in expenses for certified mailing. The Commissioner does not oppose awarding these costs and expenses. Under 28 U.S.C. § 2412, and as enumerated in 28 U.S.C. § 1920, an award of filing fee costs to the prevailing party is permitted. Therefore, the Court should award the $402 sought. As for the $22.59 spent serving the Commissioner by certified mail, this expense appears reasonable, is not objected to, and within the discretion of the court to award and therefore recommended. *See Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, *1 (M.D. Fla. Nov. 2, 2012) (finding the costs of mailing to file the complaint and for service of summons reasonable and awardable).

### C. EAJA Assignment

Usenza filed a Social Security Attorney Fee Contract (Doc. 22-2.) It provides: "I hereby assign any court awarded EAJA attorney fees and costs, for federal work only, to my attorney." (Doc. 22-2 at 2.) But Usenza acknowledges that after awarding EAJA fees, the Commissioner will determine whether she owes a federal debt to the Government. If no debt is owed, the Government will accept Usenza's assignment of EAJA fees, and the fees will be paid directly to

counsel. (Doc. 22 at 4.) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Usenza.

### D. Recommendation

The court should **GRANT in part** the motion for EAJA fees (Doc. 22) and direct the clerk to enter a judgment to award Catherine Usenza $7,486 for attorneys' fees, $402 for costs, and $22.59 for expenses.[2] This award may be paid directly to Usenza's counsel if the United States Department of Treasury determines that she owes no federal debt.

**Recommended** in Fort Myers, Florida on October 11, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from

---

[2] As requested by the Commissioner (Doc. 24 at 9), the judgment should separately delineate $7,486 for attorneys' fees, $402 for costs, and $22.59 for expenses.

the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.